DECISION
{¶ 1} Relator, Frisch's Restaurants, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying relator's motion to terminate the temporary total disability ("TTD") compensation being paid to respondent-claimant, Rodney Hart, and ordering the commission to issue an order finding that claimant has reached maximum medical improvement ("MMI") and terminating receipt of further TTD compensation.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate's decision recommended that this court deny the requested writ of mandamus. Relator has filed objections to the magistrate's decision.
 {¶ 3} Relator's first and third objections contend that the magistrate incorrectly concluded that the commission found Dr. Steven Wunder's report to be inconsistent based at least in part upon Dr. Wunder's statement that claimant's further medical treatment should be "more active than passive." According to relator, the commission relied entirely on Dr. Wunder's statement that claimant's "symptoms will gradually dissipate over time" in finding the report to be inconsistent, and did not rely upon his statement regarding active rather than passive treatment. Based on this asserted mistake, relator argues that the magistrate improperly reweighed the evidence.
 {¶ 4} Plainly, the magistrate did not reweigh the evidence. At worst, the magistrate set forth an additional basis for finding Dr. Wunder's report to be inconsistent, while finding that the basis relied upon by the commission, that claimant's symptoms would "dissipate over time," supported the commission's finding. Accordingly, the magistrate correctly found that the commission did not abuse its discretion in finding that Dr. Wunder's report did not support a finding of MMI. Relator's first and third objections are overruled.
 {¶ 5} Relator's second objection asserts that the magistrate failed to properly apply State ex rel. Brown v. Indus. Comm., Franklin App. No. 02AP-108, 2002-Ohio-4313, to the facts of the present case. This objection simply reargues an issue that was fully considered and addressed in the magistrate's decision and is overruled for the reasons set forth therein.
 {¶ 6} Relator's fourth objection asserts that the magistrate improperly upheld the commission's awarding ongoing benefits absent medical evidence of continued disability. In fact, the commission did not award ongoing benefits but merely stated that TTD compensation may be payable in the future if claimant submits evidence. In reviewing this portion of the commission's decision, the magistrate properly noted that the commission's statement was "nothing more than an accurate statement of the law." Relator's fourth objection is overruled.
 {¶ 7} Having examined the decision of the magistrate and independently reviewed the file, pursuant to Civ.R. 53, we find that the magistrate properly determined the pertinent facts and applied the salient law thereto. We adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Objections overruled; writ denied.
BRYANT and BROWN, JJ., concur.
 IN MANDAMUS {¶ 8} Relator, Frisch's Restaurants, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's motion to terminate the temporary total disability ("TTD") compensation being paid to Rodney Hart ("claimant"), and ordering the commission to issue an order finding that claimant had reached maximum medical improvement ("MMI") and terminating receipt of further TTD compensation.
 {¶ 9} Findings of Fact:
 {¶ 10} 1. Claimant sustained a work-related injury on August 21, 2001, and his claim has been allowed for: "thoracic sprain/strain; lumbar sprain/strain." Claimant began receiving TTD compensation.
 {¶ 11} 2. On January 7, 2002, relator filed a motion requesting that claimant's TTD compensation be terminated on the basis that claimant had reached MMI. In support of its motion, relator submitted the December 19, 2001 report of Dr. Steven S. Wunder. After examining claimant and reviewing his medical records, Dr. Wunder concluded his report as follows:
 {¶ 12} "It is my understanding that Mr. Hart's claim has been recognized and allowed for a thoracic and lumbar sprain/strain with an injury date of August 21, 2001.
 {¶ 13} "Mr. Hart continues to have some complaints of back pain.
 {¶ 14} "The diagnoses of thoracic and lumbar sprains would not prohibit him from returning to his former position of employment as a manager with Frisch's restaurant.
 {¶ 15} "For the recognized and allowed conditions of thoracic and lumbar sprain and strain, he has reached the level of maximum medical improvement.
 {¶ 16} "I believe further medical treatment for Mr. Hart should be more active than passive. He should be improving his aerobic conditioning of the back and abdominal muscle groups.
 {¶ 17} "I would have him avoid heavy lifting and repetitive bending.
 {¶ 18} "I believe his symptoms will gradually dissipate over time."
 {¶ 19} 3. In response, claimant filed a C-84 from his treating physician Dr. Richard Cohen, who indicated that he last examined claimant on December 3, 2001, that he was not currently treating claimant, and that he estimated that claimant would be able to return to work as of March 1, 2002.
 {¶ 20} 4. The matter was heard before a district hearing officer ("DHO") on March 8, 2002, and relator's motion was granted. The DHO relied upon the medical report of Dr. Wunder and concluded that claimant had reached MMI.
 {¶ 21} 5. Claimant appealed and the matter was heard before a staff hearing officer ("SHO") on April 11, 2002. The SHO vacated the prior DHO order and denied relator's motion to terminate claimant's receipt of TTD compensation on the basis that he had reached MMI as follows:
 {¶ 22} "The Staff Hearing Officer finds that there is no credible evidence on file to demonstrate that claimant has reached Maximum Medical Improvement.
 {¶ 23} "The Staff Hearing Officer finds that the opinions of Dr. Wunder that claimant has reached Maximum Medical Improvement and that claimant's symptoms will gradually dissipate over time are inconsistent and do not support a finding of Maximum Medical Improvement. The Staff Hearing Officer further finds, based upon the prohibition against repetitive bending and heavy lifting in Dr. Wunder's report and the Functional Capacities Evaluation of Nova Care, that claimant cannot return to work at his former position of employment.
 {¶ 24} "The Staff Hearing Officer further finds that there is presently no medical evidence on file to support the continued payment of temporary total disability compensation[.] Payment of temporary total compensation may continue upon submission of medical evidence documenting claimant's inability to return to work due to the allowed conditions."
 {¶ 25} 6. Further appeal was refused by order of the commission mailed May 8, 2002.
 {¶ 26} 7. Thereafter, relator filed the instant mandamus action in this court.
 {¶ 27} Conclusions of Law:
 {¶ 28} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 29} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation is paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to his former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) when claimant has reached MMI. See State ex rel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630; R.C. 4123.56(A).
 {¶ 30} Ohio Adm. Code 4121-3-32(A)(1) defines "Maximum medical improve-ment" as follows:
 {¶ 31} "* * * [A] treatment plateau (static or well-stabilized) at which no fundamental functional or physiological change can be expected within reasonable medical probability in spite of continuing medical or rehabilitative procedures. A claimant may need supportive treatment to maintain this level of function."
 {¶ 32} Relator submitted the report of Dr. Wunder in support of its motion to terminate claimant's TTD compensation on the basis that claimant had reached MMI. However, the commission rejected the report of Dr. Wunder on the basis that the report was inconsistent. This magistrate agrees.
 {¶ 33} Dr. Wunder indicated that claimant had reached MMI. However, immediately following that statement, Dr. Wunder indicated that he believed that claimant's further medical treatment "should be more active than passive," and that "[h]e should be improving his aerobic conditioning of the back and abdominal muscle groups." Dr. Wunder also indicated that claimant should avoid heavy lifting and repetitive bending, and that he believed claimant's symptoms would gradually dissipate over time.
 {¶ 34} Relator contends that Dr. Wunder was merely indicating that claimant would require further medical treatment to ease his pain and maintain function and cites State ex rel. Brown v. Indus. Comm., Franklin App. No. 02AP-108, 2002-Ohio-4313, wherein this court adopted a magistrate's decision which denied an employee's request for a writ of mandamus claiming that the commission had abused its discretion in terminating her TTD compensation on the basis that she had reached MMI. In that case, Dr. Brannan opined that the employee had reached MMI, and that she could return to her clerical job. Thereafter, the managed care organization supervising the employee's care approved additional physical therapy sessions as requested by the employee's treating physician Dr. McGinnis. The question of whether the employee's TTD compensation should be terminated was heard before an SHO who concluded that the employee had reached MMI based upon the report of Dr. Brannan and ordered the employee's TTD compensation be terminated. The employee filed a mandamus action here, and the magistrate concluded that the employee had not shown that the commission had abused its discretion. The magistrate noted that Ohio Adm. Code 4121-3-32(A)(1) distinguishes between medical procedures that may provide "fundamental functional or physiological" improvement and those that do not. The magistrate noted that the definition makes it clear that, after an injured worker has reached MMI, the worker may still need medical or rehabilitative treatment to ease pain or maintain function, but which may or may not provide fundamental functional or physiological improvement.
 {¶ 35} In the present case, the question is whether the commission abused its discretion in finding that the claimant had not reached MMI. The commission found Dr. Wunder's report to be inconsistent because he opined that claimant had reached MMI, and yet indicated that claimant's continuing medical treatment should be active and not passive, and that claimant's symptoms will gradually dissipate over time. This magistrate finds that the commission did not abuse its discretion in concluding that Dr. Wunder's report was inconsistent and did not support a finding of MMI to terminate claimant's TTD compensation. Based upon his report, Dr. Wunder seems to be indicating that he believes claimant's condition will improve with further active medical treatment. As such, his report is contradictory and does not support terminating claimant's TTD compensation.
 {¶ 36} Relator also cites State ex rel. Simon v. Indus. Comm. (1994), 71 Ohio St.3d 186, and asserts that the commission abused its discretion by stating that TTD compensation "may" continue and be payable upon submission of evidence by claimant. Relator notes that Dr. Cohen's C-84 does not support an award of disability since he indicated he was not currently treating claimant.
 {¶ 37} The commission specifically stated that "there is presently no medical evidence on file to support the continued payment of temporary total disability compensation." As such, the commission did not rely on the C-84 of Dr. Cohen. The issue is not presently before the court and needs not be addressed because the commission's statement that TTD compensation may be paid in the future, if claimant submits evidence, is nothing more than an accurate statement of the law.
 {¶ 38} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying its motion to terminate claimant's TTD compensation and this court should deny relator's request for a writ of mandamus.